## GLEN BROOK COAL CO. v. LEDERER.

District Court, E. D. Pennsylvania. July 11, 1929.

No. 12280.

George W. Harkins, Jr., of Philadelphia, Pa., for plaintiff.

G. W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge. This is an action to recover an additional excess

profits tax for the year 1917 in the amount of $6,869.56, paid under protest by the plaintiff. The additional assessment was made under the Revenue Act of 1917 (40 Stat. 300), and the plaintiff contends that it is entitled to the benefit of section 209 of that act, being a corporation having not more than a nominal capital.

The case is before the court upon pleadings only. An affidavit of defense in the nature of a demurrer challenges the legal sufficiency of the statement to sustain the plaintiff's contention. The facts set forth in the statement must be taken as admitted, but no facts not therein contained can be considered, nor can averments as to the law.

The facts upon which the plaintiff claims classification under section 209 of the act, summarized, are as follows:

(1) The plaintiff was engaged in the coal-jobbing business, buying and selling coal which they did not physically handle. It owned no real estate nor plant, but had office furniture and equipment of the approximate value of $700.

(2) In the conduct of its business, the plaintiff purchased the coal which it sold, borrowing money to do so upon the personal indorsement of its officers. During the year 1917, the volume of business handled amounted to $765,534.84. The total amount of money it borrowed from banks during that year was over $200,000, and at times it had loans outstanding in excess of $60,000.

(3) The plaintiff had during 1917 a capital of $10,000, undivided profits of $15,416.-09, and a reserve for bad debts of $1,043.55, making a total of $26,459.64. As appears by the plaintiff's balance sheet for 1917, submitted with its tax return and made a part of the statement of claim, this capital was principally in the form of cash on hand and Liberty Loan bonds.

The plaintiff's case rests entirely upon the proposition stated in section 10 of the statement of claim, that a comparison of the amount of business done with the amount of capital makes it clear that the plaintiff's business could not have been carried on without the extensive use of money borrowed upon the personal credit of its officers and stockholders. There is no allegation that the admitted capital was not used for the purpose of financing the plaintiff's purchases of the coal which it sold. The court is therefore asked to hold as a matter of law that the mere fact that capital of an ordinary mercantile business bears a ratio of approximately 26 to 60 to money borrowed on the personal credit of its stockholders outstanding at any one time and of 26 to 200 to the total amount borrowed during the year, commands the conclusion that the capital was a nominal one within the meaning of the Revenue Law. To so hold would be going far beyond any of the reported decisions. The word "nominal" does not mean the same thing as "comparatively small."

In Armstrong Co. v. McCaughn, 21 F. (2d) 636, this court held that a company with an actual invested capital of $10,000 doing a business in the neighborhood of $400,000 a year was entitled to classification under section 209, but the point in that case was that the capital was not actually used in the business, but, as an income producing factor, was potential only. It is further to be noted that the plaintiff there was an advertising corporation and its income was really produced by the personal services of its members. It was in no sense a mercantile company.

I therefore hold that the plaintiff is not a corporation having "not more than a nominal capital" within the meaning of section 209 of the Revenue Act of 1917. This conclusion makes it unnecessary to decide the first question discussed in the briefs, namely, whether or not borrowed capital is to be excluded from consideration in determining the taxpayer's position under section 209.

Judgment may be entered for the defendant.